**MINIAT & WILSON, L.P.C.**
**550 WEST INA ROAD, SUITE 101**
**TUCSON, ARIZONA  85704-4496**
**TEL#: (520) 742-1177**
**FAX#: 877-399-4343**

**Jerald R. Wilson**
**Firm No.:**          00235500
**State Bar No.:**     014933
**PCC No.:**           64897

**Attorneys for Defendant TUSD**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| BRUCE P. MURCHISON, | No. CV-12-344 TUC DCB |
|---|---|
| Plaintiff, | |
| v. | |
| TUCSON UNIFIED SCHOOL DISTRICT, A Public Entity, | **MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE PARTIAL SUMMARY ADJUDICATION** |
| Defendant. | **(ORAL ARGUMENT REQUESTED)** |
| | Honorable:  David C. Bury |

Pursuant to Rule 56, Federal Rules of Civil Procedure, Defendant Tucson Unified School District (hereinafter "TUSD"), by and through counsel undersigned, hereby brings this Motion for Summary Judgment or in the alternative Partial Summary Adjudication since Plaintiff cannot meet his burden of proof in establishing the prima facie case of discrimination.  Specifically, that Plaintiff cannot establish that he has a disability as defined by the Americans with Disabilities Act, or that he is a qualified individual and/or that Plaintiff is estopped from alleging that he is a qualified individual.  Further, Plaintiff's request for accommodation was not necessary or

reasonable and not enforceable by law.  Finally, Plaintiff has not submitted sufficient evidence of any alleged damages.

## I.

## STATEMENT OF FACTS

Plaintiff, Bruce Murchison was a teacher at Catalina Magnet High School during the 2010-11 school year.  (TUSD's Separate Statement of Fact No. 1).  Plaintiff began teaching in TUSD during the 1992-93 school year, and at Catalina Magnet High School in the 2007-08 school year.  (TUSD's Separate Statement of Fact No. 2 and 3).  During his tenure at Catalina Magnet High School, Plaintiff received generally good evaluations.  (TUSD's Separate Statement of Fact No. 4).  Prior to the spring semester of the 2010-11 school year, Plaintiff did not allege he had a disability nor did he request any reasonable accommodations.  (TUSD's Separate Statement of Fact No. 5)

On February 1, 2011, Plaintiff made a request for accommodation to TUSD.  (TUSD's Separate Statement of Fact No. 6).  The request only seeks that Plaintiff be relocated to another school because he wanted to have a shorter commute to school.  (TUSD's Separate Statement of Fact No. 7).  Plaintiff's request notes that teaching is acceptable; but that Plaintiff would prefer a promotion to assistant principal, which is an administrative position.  (TUSD's Separate Statement of Fact No. 8).  At no time, did Plaintiff notify TUSD that he was unable to perform his teaching job without accommodation.  (TUSD's Separate Statement of Fact No. 9).  In fact, on Plaintiff's request for accommodation, the principal for Catalina Magnet High School indicates that "this matter was just brought to my attention yesterday" and that Plaintiff is a good

teacher and his alleged disability only related to driving. (TUSD's Separate Statement of Fact No. 10).

Eight days after filing his request for accommodation, Plaintiff visited Dr. Puri. (TUSD's Separate Statement of Fact No. 11). The attached medical record from Dr. Puri only states that Plaintiff reports having trouble driving longer distances. (TUSD's Separate Statement of Fact No. 12). There is no report from Dr. Puri that indicates Plaintiff was having trouble teaching the class or needed an accommodation to teach the class. (TUSD's Separate Statement of Fact No. 13). At no time did any medical provider inform TUSD that Plaintiff was unable to perform his classroom duties.

TUSD denied Plaintiff's request for accommodation because, "The District is not required to provide a reassignment when the worksite is accessible (no barriers), and when the employee is able to perform the essential functions of the job at their current site. The District also does not have an obligation to facilitate an employee's commute to work; getting to the worksite is the responsibility of the employees. There are no barriers to your current worksite, and you are able to perform the essential functions of your job at your current work site." (TUSD's Separate Statement of Fact No. 25). The decision was partially based upon information given to TUSD by the EEOC through the Job Accommodation Network. (TUSD's Separate Statement of Fact No. 26).

It appears that Plaintiff has been attempting to use the ADA as a pretext to obtain a promotion to an administrative position. During the 2010-11 and 2011-12 school years, Plaintiff applied for numerous positions, which were mostly as assistant principal. (TUSD's Separate Statement of Fact No. 15). Interestingly, a number of these applications were for jobs at

3

locations that were farther or within the same general mileage range and/or driving time than his present commute to Catalina Magnet High School. (TUSD's Separate Statement of Fact No. 16). According to Google Maps, the distance from Plaintiff's home to Catalina Magnet High School was ten and eight tenths (10.8) miles. (TUSD's Separate Statement of Fact No. 14) Plaintiff applied for at least eleven positions that were farther or approximately the same distance away as his current job. (TUSD's Separate Statement of Fact No. 27). These included an application for assistant principal at Maxwell Middle School, which is seventeen (17) miles from his home and assistant principal at Hohokam Middle School, which is twenty-one and eight tenths (21.8) miles from his home. (TUSD's Separate Statement of Fact No. 24).

Subsequently, Plaintiff applied for long-term disability. In the claim, Plaintiff avowed that he was unable to perform the jobs of a teacher. (TUSD's Separate Statement of Fact No. 17). In support of his application, Plaintiff also submitted documentation from his physician indicating that he is unable to perform the essential job duties of a teacher. (TUSD's Separate Statement of Fact No. 18).

Plaintiff continued to teach through the 2011-12 school year. Plaintiff applied for leave in May of 2012 and is still currently on leave through the 2013-14 school year. Plaintiff is attending law school at the University of Phoenix during his leave.

## II.

### SUMMARY JUDGMENT

Summary Judgment shall be entered if the pleadings, the discovery and disclosure materials on file and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed.R.Civ. P. 56(c). Once the moving

party presents evidence that would call for judgment as a matter of law if left uncontroverted, the respondent must show by specific facts the existence of a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250(1986). "There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50. If the factual context makes the nonmoving party's claim of a disputed fact implausible, then that party must come forward with more persuasive evidence than otherwise would be necessary to show there is a genuine issue for trial. Blue Ridge Insurance Co. v. Stonewich, 142 F.3d 1145, 1149 (9th Cir. 1998). Conclusory allegations that are unsupported by factual evidence cannot defeat a motion for summary judgment. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Further, if the nonmoving party fails to present an adequate opposition to summary judgment, the court need not search the entire record for evidence that demonstrates the existence of a genuine issue of fact. Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1029-31(9th Cir. 2001). The district court need not scour the record in search of a genuine issue of triable fact but must rely on the nonmoving party to identify with reasonable particularity the evidence that precluded summary judgment. Keenan v. Allen, 91 F.3d 1275, 1279 (9th Cir. 1996).

### III.

**<u>PLAINTIFF CANNOT ESTABLISH THAT HE IS DISABLED OR A QUALIFIED EMPLOYEE</u>**

Title I of the Americans with Disabilities Act (hereinafter "ADA") prohibits "discrimination against a qualified individual with a disability because of the disability of such

individual in regard to the hiring, advancement, or discharge of the employees." 42 U.S.C. §12112(a)(2007).  In order to make a prima facie case under the ADA, a plaintiff must prove they are disabled; they are qualified for the job; and they suffered an adverse employment action because of the disability.  Braunling v. Countrywide Home Loans Inc., 220 F.3d 1154 (9th Cir. 2000).

**A.     Plaintiff cannot prove his is disabled under the ADA because narcolepsy does not substantially limit a major life activity**

It is questionable whether Plaintiff even has a disability that meets the requirement under the Act.  Under the ADA, a disability is defined as a physical or mental impairment that substantially limits a major life activity.  42 U.S.C. §12102.  An impairment that affects, but does not substantially limit a major life activity is not a disability under the ADA.  Albertson's Inc. v. Kirkingburg, 527 U.S. 555 (1999).

TUSD questions whether Plaintiff's narcolepsy sufficiently meets this standard.  In Regan v. Faurecia Automotive Seating, Inc. 679 F.3d 475. 479 (6th Cir. 2012), the appeals court noted that the district court held that plaintiff's narcolepsy did not substantially limit a major life activity to the degree necessary to qualify her as disabled under the Act.  Additionally, in Hoskins v. Northwestern Memorial Hospital, Case No. 01C1116, (N.D. Ill. 2002), the district court found that the plaintiff's narcolepsy was not a disability under the ADA even though he alleged that he fell asleep at a few staff meetings.  As in our case, the plaintiff in Hoskins was able to perform all the essential functions of his job.  Id.

Plaintiff must prove that his alleged disability substantially limits on a major life activity.  Plaintiff's alleged disability is that he would prefer to drive a shorter distance to a school than he currently drives to Catalina Magnet High School.  The only competent evidence in front of this

6

Court to support such a claim is Dr. Puri's medical record that states equivocally that it would be in Plaintiff's best interest to have a shorter driving distance.

However, courts have held that driving is not a major life activity. <u>Colwell v. Suffolk County Police Dept</u>., 158 F.3d 635 (2nd Cir. 1998). See also <u>Chenowith v. Hillsborough County</u>, 250 F.3d 1328 (11th Cir. 2001) and <u>Winsley v. Cook County</u>, 563 F.3d 598 (7th Cir. 2009).

Moreover, there is a significant question whether Plaintiff even believes he cannot drive the approximately ten (10) miles to Catalina Magnet High School. First, as noted above, his doctor does not state that he cannot drive the ten miles without falling asleep, only that it would be in his best interest to have a shorter commute. Further, shortly before and after submitting his request for accommodation, Plaintiff applied for numerous positions that were farther or within the same general mileage and/or driving time as his current commute from his home to Catalina Magnet High School.

For example, Plaintiff applied for a job at Hohokam Middle School, which is almost twenty-two (22) miles from his home, as well as Maxwell Middle School, which is seventeen (17) miles from his home. In total, during those two school years (2010-11 and 2011-12), Plaintiff applied for at least eleven positions within TUSD that were farther or comparable to his current commute in terms of mileage and/or driving time.

Plaintiff has not disclosed any medical records that indicate any major life activity has been substantially limited by his narcolepsy. At most, this Court has a vague document from a doctor that it would be in his "best interest" to be transferred to a closer school. However, as noted before driving is not a major life activity. <u>Colwell</u>, <u>supra</u>.

It is Plaintiff's burden to prove that he has a qualifying disability that affects a major life activity.  Since Plaintiff has not done so, the complaint should be dismissed.

### B. Plaintiff Cannot Prove That He is a Qualified Individual

In the alternative, Plaintiff cannot meet his burden of proof in showing that he is a qualified individual and/or is estopped from making such an allegation. A qualified individual under the ADA is an individual with a disability who, with or without accommodation, can perform the essential functions of the employment positions that such individual holds or desires. 42 U.S.C. §12111(8).

Plaintiff has filed a sworn statement in an application for long-term disability benefits that he is completely unable to perform the essential duties of a teacher.  This sworn statement by Plaintiff that he is unable to perform the job duties of a teacher negates an essential element of his ADA claim.  Further, his disability claim was supported by his physician, Dr. Rogers, who agreed that Plaintiff was unable to perform the essential functions of a teacher.  Interestingly, Dr. Rogers further opined that no reasonable accommodation would allow Plaintiff to perform his job duties.  (TUSD's Separate Statement of Fact No. 28).

Since Plaintiff is unable to perform his job duties as a teacher, he is not a qualified individual under the ADA.  Therefore, the complaint must be dismissed.

### IV.

### PLAINTIFF IS NOT ENTITLED TO A REASONABLE ACCOMODATION AND HIS REQUEST FOR A REASONABLE ACCOMODATION WAS NOT NECESSARY

Plaintiff's claim also fails because he has not made a claim for a valid necessary or reasonable accommodation.  First, Plaintiff is not entitled to a reasonable accommodation because he did not claim he was unable to perform the essential functions of a teacher at the

time of his request for reasonable accommodation nor did he submit any medical records or documentation indicating he could not perform the essential job functions of a teacher at the time of the request. Further, his supervisors at Catalina all testified that his job performance was adequate and that there had been no complaints from Plaintiff or any students about his performance at the job.

Secondly, Plaintiff's request for a shorter commute was not necessary or reasonable. The burden is on Plaintiff to propose a reasonable accommodation. <u>Regan</u> at 480. In this case, Plaintiff's proposed accommodation was a transfer to a school to allegedly shorten his commute. The <u>Regan</u> court noted that prior cases have found that the American with Disabilities Act does not require an employer to accommodate an employee's commute. <u>Regan</u> at 480. The <u>Regan</u> court cited with approval <u>Robinson v. Bodman</u>, 333 Fed. Appx. 205 (9th Cir. 2009), which held that an employer was not required to accommodate the plaintiff's inability to drive to work since the employer is not required to eliminate barriers outside the workplace that may make it more difficult for the employee to get to and from work. <u>Regan</u> at 480. Perhaps, even more on point, is <u>Salmon v. Dade Cnty Sch. Bd.</u>, 4 F.Supp.2d 1157 (S.D.Fla. 1998), which rejected plaintiff's claim that the school failed to accommodate her disability, by refusing to transfer her to a school which afforded her a shorter commute, because an employee's commute to and from work is an activity that is unrelated to and outside of their job.

Since a commute to and from employment is outside and unrelated to a job, an employer is not required to make such an accommodation. Therefore, Plaintiff's claim must fail because his request did not constitute a reasonable accommodation required by the Act.

V.

**<u>PLAINTIFF CANNOT PROVE DAMAGES IN THIS MATTER</u>**

Plaintiff's complaint should also be dismissed because he has not alleged and/or cannot prove damages.

First, Plaintiff is only allowed compensatory damages through 42 U.S.C. §1981(a)(a)(2) and (3). However, 42 U.S.C. §1981(a)(a)(3) prohibits compensatory damages if the Defendant acted in good faith. Here, TUSD took Plaintiff's request for accommodation and forwarded it to their ADA coordinator Marcia McCaskill. Ms. McCaskill communicated with Plaintiff through e-mail and telephone as well as meeting with Plaintiff on one occasion. (TUSD's Separate Statement of Fact No. 22). Ms. McCaskill also contacted the EEOC through the Job Accommodation Network to obtain advice on Plaintiff's situation. (TUSD's Separate Statement of Fact No. 23). This evidences TUSD's good faith in handling Plaintiff's request for accommodation and therefore, compensatory damages should not be allowed pursuant to 42 U.S.C. §1981(a)(a)(2).

That would only leave the issue of back pay, which are the only remaining damages allowed by the ADA itself. However, Plaintiff has not claimed or disclosed any damages for back pay. (TUSD's Separate Statement of Fact No. 19). Further, Plaintiff cannot allege any damages for back pay. Plaintiff was paid wages for the 2011-12 school year. Since then Plaintiff has been on leave to attend law school. Therefore, Plaintiff has not lost any wages from his employment with TUSD.

Accordingly, Plaintiff's complaint should be dismissed since he has no claim or provided any evidence of damages.

VI.

## CONCLUSION

Based on the foregoing, TUSD respectfully requests that the Court dismissed Plaintiff's complaint in its entirety or in the alternative, dismiss the portions of the complaint that the Court deems fit.

DATED this 8th day of July 2013.

                                      MINIAT & WILSON, L.P.C.

                                      By: */s/Jerald R. Wilson*
                                         Jerald R. Wilson
                                      Attorneys for Defendant TUSD

Copy of the foregoing mailed
this 8th day of July, 2013 to:

Bruce P. Murchison
4850 South Lantana Place
Tucson, Arizona 85730
Plaintiff Pro Per

*Julianna Malboeuf*

11