**MINIAT & WILSON, L.P.C.**
**550 WEST INA ROAD, SUITE 101**
**TUCSON, ARIZONA  85704-4496**
**TEL#: (520) 742-1177**
**FAX#: 877-399-4343**

**Jerald R. Wilson**
**Firm No.:**            **00235500**
**State Bar No.:**        **014933**
**PCC No.:**              **64897**

**Attorneys for Defendant TUSD**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BRUCE P. MURCHISON,<br><br>                    Plaintiff,<br><br>v.<br><br>TUCSON UNIFIED SCHOOL DISTRICT, A Public Entity,<br><br>                    Defendant. | No. CV-12-344 TUC DCB<br><br><br>**DEFENDANT TUSD'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br><br><br>Honorable:  David C. Bury |

Defendant Tucson Unified School District, by and through counsel undersigned, hereby opposes Plaintiff's motion for summary judgment:

TUSD contends that Plaintiff has not met his burden of proof in establishing as a matter of law that he is entitled to summary judgment and/or that material facts exist that would prohibit the entry of summary judgment.  Specifically, TUSD asserts that Plaintiff has not established he has a qualifying disability.  Further TUSD contends that the interactive process was not required; and even though the interactive process was not required it was still undertaken.  Finally, TUSD

contends that there is no evidence of retaliation or harassment and that any cause of action alleging same is not ripe for consideration as it is not part of the complaint and Plaintiff has not exhausted his administrative remedies.

## I.      Qualifying Disability

TUSD has filed a motion for summary judgment in part contending that Plaintiff has not met his burden of proof in establishing a qualifying disability.  In the spirit of judicial economy, TUSD would request that the Court incorporate the facts and law from that motion as part of the opposition to Plaintiff's motion.

First, the Court needs to understand Plaintiff's diagnosis.  Plaintiff spent much of his motion alleging that he suffers from cataplexy and the effects of cataplexy.  As Plaintiff points out cataplexy is the loss of muscle tone and can be associated with narcolepsy.  However, the only evidence before this Court and, TUSD at the time of Plaintiff's request for accommodation, establishes that Plaintiff does not suffer from cataplexy.  **(TUSD's Separate Statement of Fact No. 67)**.  The medical record from Pima Lung & Sleep clearly states that Plaintiff "has narcolepsy without cataplexy."  **(TUSD's Separate Statement of Fact No. 67)**.  Therefore, there is no evidence that Plaintiff suffers, or has suffered, from cataplexy or loss of muscle tone.

TUSD acknowledges that Plaintiff was diagnosed with narcolepsy.  However, TUSD contests whether Plaintiff has met his burden in establishing that his narcolepsy has substantially limited any major life activities.  In their motion for summary judgment, TUSD provided numerous cases in which the Court found that narcolepsy did not limit major life activities.[1]

---

[1] For example, see Regan v. Faurecia Automotive Seating, Inc. 679 F.3d 475, 479 (6th Cir. 2012) and Hoskins v. Northwestern Memorial Hospital, Case No. 01C116 (N.D. Ill. 2002).

Accordingly, Plaintiff's argument that narcolepsy inherently limits major life activities is inaccurate and unsubstantiated.

TUSD contends that there is no evidence to support a substantial limitation of any major life activity.   An impairment substantially limits a major life activity if the individual is significantly restricted as to the condition, manner or duration under which an individual can perform a major life activity as compared to the condition, manner or duration which the average person in the general population can perform the activity.   Humphrey v. Memorial Hospitals Association, 239 F.3d 1128 (9th Cir. 2001).

In his request for accommodation, Plaintiff admits that he can perform the essential duties of teaching, so there is no substantial limitation on his ability to work.  **(TUSD's Separate Statement of Fact Nos. 8, 9)**.  This is supported by the testimony of his supervisors (Principal Scott, Assistant Principal Madrid and Assistant Principal Berry), who all testified that based on their observations, Plaintiff was able to perform all duties of his job and did not have any limitations.  **(TUSD's Separate Statement of Fact Nos. 10, 68)**.The three also testified that they received no complaints from other staff or students regarding Plaintiff's ability to teach his classes.  **(TUSD's Separate Statement of Fact No. 69)**.

Further, the report from Pima Lung & Sleep does not list any limitations of any qualified major life activities.  **(TUSD's Separate Statement of Fact No. 13)**.  In fact, the report does not list any limitation of activity for Plaintiff other than driving to work.  **(TUSD's Separate Statement of Fact No. 12)**.  Again, TUSD's motion for summary judgment cites a number of

cases, which hold that driving is not a major life activity.[2]   Plaintiff has not provided any competent medical evidence that establishes a substantial limitation of a major life activity.

Plaintiff's motion alleges that his narcolepsy affects his sleeping and ability to care for himself, but fails to provide any evidence to support these allegations.   TUSD contends that the evidence is so lacking that as a matter of law Plaintiff has failed to meet his burden of proof in establishing that he was disabled.    In Coons v. Secretary of U.S. Dept. of the Treasury, 383 F.3d 879, 886 (9th Cir. 2004), the court held that because the plaintiff presented no evidence of having a history of an impairment that substantially limits a major life activity, he was not a disable person under the ADA.   As in the case at hand, the Coons plaintiff only submitted a letter from his doctor that he suffered from a physical impairment but the letter failed to state that the impairment substantially limited a major life activity.  Id.

At the very least, it cannot be disputed that a material fact exists as to whether Plaintiff has a disability that substantially limits a major life activity.  The only evidence before this Court is that Plaintiff could perform the essential duties of his job as teacher and that the medical record submitted to TUSD did not contain any references to limitation of activities.   Surely, a reasonable trier of fact could conclude that in this case, Plaintiff's narcolepsy does not substantially limit any major life activities and therefore, Plaintiff is not disabled under the ADA.

## II.    Interactive Process

TUSD contends that the provision in either the ADA or TUSD Board policy requiring an interactive process was not triggered because Plaintiff was able to perform the essential functions

---

[2] See Colwell v. Suffolk Country Police Dept., 158 F.3d 635 (2nd Cir. 1998); Chenowith v. Hillsborough County, 250 F.3d 1328 (11th Cir. 2001) and Winsley v. Cook County, 563 F.3d 598 (7th Cir. 2009).

of his teaching job.  In the alternative, TUSD contends that although not required, it did conduct an interactive process or at the minimum, there is a genuine issue of material fact as to whether TUSD conducted an interactive process.

When Plaintiff made a request for accommodation, his only complaint was the length of the drive from his home to his workplace at Catalina Magnet High School.  **(TUSD's Separate Statement of Fact No. 7)**.  Plaintiff did not indicate that he was limited in any manner from performing his job duties at Catalina, or that he could not perform the job duties of a teacher. **(TUSD's Separate Statement of Fact Nos. 8, 9, 20)**.  In fact, Plaintiff specifically noted on his request that he could perform the job duties of teacher but would prefer to be an administrator. **(TUSD's Separate Statement of Fact No. 8)**.  Plaintiff only requested a reassignment because of the length of his commute to work.  **(TUSD's Separate Statement of Fact No. 7)**.  Plaintiff did not make a request for accommodation based upon his work or workload at Catalina Magnet High School.  **(TUSD's Separate Statement of Fact No. 9)**.  His principal agreed that Plaintiff performed well as a teacher and that the request only concerned his commute to work and not his ability to perform on the job.  **(TUSD's Separate Statement of Fact No. 10)**.

The request for accommodation was given to Marcia McGaskill, who is the TUSD EEOC coordinator.  **(TUSD's Separate Statement of Fact No. 37)**.  Ms. McGaskill asked for documentation from Plaintiff's treating health care provider.  **(TUSD's Separate Statement of Fact No. 38)**. Ms. McGaskill received a report from Pima Lung & Study that indicated no limitations other than possibly driving to work.  **(TUSD's Separate Statement of Fact No. 39)**. Ms. McGaskill began to research Plaintiff's claim.  **(TUSD's Separate Statement of Fact No.**

**40)**.  During which time, she exchanged various e-mails with Plaintiff regarding job opportunities at TUSD.  **(TUSD's Separate Statement of Fact Nos. 41, 42)**.  In fact, Plaintiff admits that Ms. McGaskill met with him and exchanged e-mails.  **(TUSD's Separate Statement of Fact No. 18)**.

The research included receiving information from the Job Accommodation Network, which is an agency recommended by the EEOC.  Ms. McGaskill also conferred with a representative from the Job Accommodation Network.  **(TUSD's Separate Statement of Fact No. 44)**.  Ms. McGaskill was informed that an accommodation is not necessary if there are no barriers to an employee's access to the worksite and/or when the essential functions of the job can be performed at the current site.  **(TUSD's Separate Statement of Fact No. 43)**.  Further, Ms. McGaskill was informed that driving to work is not an essential function of a position,  nor is it a major life activity, and that an employer is not responsible for an employee's transportation to work.  **(TUSD's Separate Statement of Fact No. 44)**.  Based upon the information received from Plaintiff, his health care provider and the Job Accommodation Network, it was decided that Plaintiff's request would be denied.

Plaintiff's claim fails at the onset because an accommodation is not necessary since there are no barriers to the workplace and that he could perform all the essential functions of the job at the workplace.  An employer may need to make reasonable accommodations to eliminate barriers to the workplace, but an employer is not required to eliminate barriers outside the workplace that make it more difficult for the employee to get to and from work.  Regan, supra, citing Robinson v. Bodman, 333 Fed. Appx. 205 (9th Cir. 2009).  Therefore, the court in Regan v. Faucia, 679

F.3d 475 (6th Cir. 2012) found that a request for a different commute to work was not a reasonable accommodation.

Although, Plaintiff does make some reference to workload and ability to perform the job at Catalina but there is no evidence to support such claims. The evidence clearly shows that Plaintiff did not complain about his ability to perform the job as teacher at Catalina or any other location. Since there were no barriers, the request for accommodation was not necessary and the interactive process was not necessary.

Even assuming arguendo that a necessary request for accommodation was made, Plaintiff's claim that an interactive process was not done is without merit. Plaintiff has made four claims that the interactive process was not met. First, without any evidentiary basis or support, Plaintiff alleges that Marcia McGaskill was not properly trained or educated in responding to request for accommodation. Nothing could be farther from the truth. Ms. McGaskill has a Master of Science degree in Human Resources Administration from Central Michigan University and a Bachelor of Science degree in Administrative Services from Eastern Michigan University. **(TUSD's Separate Statement of Fact No. 31)**. She has also had a year of coursework in Health Information Technology from Schoolcraft College. **(TUSD's Separate Statement of Fact No. 31)**.

Ms. McGaskill has been a Human Resource professional since 1994. **(TUSD's Separate Statement of Fact No. 32)**. She was a Director of Human Resources for approximately ten (10) years. **(TUSD's Separate Statement of Fact No. 32)**. Among her many and various responsibilities, she was empowered to investigate and resolve complaints of civil rights

violations (including allegations of discrimination, harassment, and sexual harassment) as well as coordinating accommodations for employees approved for same under the ADA.  **(TUSD's Separate Statement of Fact No. 32)**.  Ms. McGaskill also represented employers at state level hearing without the presence of legal counsel.  **(TUSD's Separate Statement of Fact No. 32)**.

Ms. McGaskill was also employed by the State of Arizona as the State WIA EEO Compliance Officer.  **(TUSD's Separate Statement of Fact No.  33)**.  Over the years, Ms. McGaskill has attended and participated in many seminars and conferences facilitated by attorneys and other subject matter experts on labor and employment laws including but not limited to the ADA and ADAAA.  **(TUSD's Separate Statement of Fact No. 34)**.  While employed at TUSD, Ms. McGaskill has participated in monthly webinars hosted by the Job Accommodation Network as well as attending seminars facilitated by the EEOC on subject matters that included Title VII, the Rehabilitation Act, updates to the ADA and the FMLA. **(TUSD's Separate Statement of Fact No. 35)**.

Clearly, Ms. McGaskill is educated and experienced in handling such complaints.  Any allegation that Ms. McGaskill was untrained or uninformed is simply and completely without merit. Again, at the very least, there is an issue of material fact, as a trier of fact could certainly conclude based upon Ms. McGaskill's listed credentials that she is trained and informed on how to handle a request for accommodation.

Plaintiff's other three complaints seem to attack Ms. McGaskill's process.  Plaintiff complains she didn't meet with him or consider his claim.  The factual evidence presented to the Court does not support these allegations.   TUSD has previously laid out in detail Ms.

McGaskill's actions in reviewing the request.  In short, Ms. McGaskill met and e-mailed Plaintiff on numerous occasions during the process.  Plaintiff admits that he met and exchanged e-mails with Ms. McGaskill.  Further, Ms. McGaskill considered information from Plaintiff and his principal, contacted his health care provider to ascertain whether Plaintiff had any limitations, conducted her own research and obtained opinions from the Job Accommodation Network regarding this matter.  In fact, Ms. McGaskill opines that her actions fulfilled her obligations pursuant to the interactive process.  Again, TUSD contends that this conclusively proves that the requirements for an interactive process have been met; however, at the very least TUSD has established an issue of material fact whether the process has been met.

**III.**      **Retaliation**

TUSD has brought a motion to strike this entire portion of Plaintiff's motion for summary judgment.  However, the Court has not had an opportunity to make a ruling on the motion to strike yet.  TUSD reserves all objections brought in the motion to strike, but as a precaution will respond as best they can.

**A.**      **The Court should dismiss or defer ruling on this claim as it is not ripe**

TUSD brought the motion to strike as the allegations by Plaintiff are not in issue. Plaintiff filed for leave to file a second amended complaint on June 9, 2013.  In the second amended complaint, Plaintiff for the first time raises a cause of action alleging retaliation.[3] Discovery cut-off in this case was on June 7, 2013.  This was also the last date to disclose

---

[3] It should be noted that Plaintiff's Second Amended Complaint contains causes of action for Discrimination in Terms of Employment, Failure to Provide Reasonable Accommodation and Retaliation.  There is no claim for harassment.

evidence or witnesses.  Since Plaintiff did not file his proposed amended complaint until after June 7, 2013, TUSD has been unable to conduct any discovery or disclose any information regarding this cause of action.  TUSD would request pursuant to Fed. Rules of Civ. Pro. 56(d) that the Court deny the motion or in the alternative, defer consideration on the motion until discovery and disclosure can be taken.  Necessary discovery would be the deposition of Plaintiff as well as other witnesses to the alleged incident.

### B.      Plaintiff has failed to exhaust his administrative remedies

TUSD also contends that Plaintiff did not exhaust his administrative remedies and therefore, there is no subject matter jurisdiction.  Prior to a court having subject matter jurisdiction over a retaliation or harassment claim, the complainant must exhaust their administrative remedies by timely filing a charge with the EEOC, giving the agency an opportunity to investigate the charge.  B.K.B. v. Maui Police Dep't., 276 F.3d 1091, 1099 (9th Cir. 2002).  A party cannot exhaust their administrative remedies by simply mentioning the word discrimination in the EEOC discrimination charge.  Freeman v. Oakland Unified School District, 294 F.3d 632, 637 (9th Cir. 2002).  In determining whether a claim has been sufficiently exhausted, the inquiry is on the factual allegation made in the charge.  Freeman at 637.

Plaintiff never asserted or reported to the EEOC a claim for retaliation or harassment based on the action of Mr. Morado.  In fact, it would be impossible.  Plaintiff filed the claim of discrimination with the EEOC on May 21, 2011.  Plaintiff alleges that the harassment by Mr. Morado occurred in April and May of 2013, over two years later.  Further, the charge of discrimination clearly states that Plaintiff is alleging only that he was denied a reasonable

accommodation.  There is no mention of retaliation or harassment.  Therefore, since Plaintiff is asserting a new claim based on new and different facts, Plaintiff has not exhausted his administrative remedies and any such claim should be dismissed for lack of jurisdiction.

      **C.**      <u>**There is no evidence of retaliation by Abel Morado**</u>

TUSD also contends that Plaintiff's motion is without merit.  Plaintiff claims that there is no material issue of fact that TUSD is vicariously liable for the actions of Abel Morado. However, Plaintiff cannot establish as a matter of law that Abel Morado committed any violation towards Plaintiff.  An employer cannot be vicariously liable unless the employee has committed a violation.

In Plaintiff's motion, he alleges that Abel Morado harassed him.  Plaintiff's first amended complaint does not contain a cause of action against Mr. Morado or for harassment.  Further, even the second amended complaint does not contain a cause of action of harassment.  The only cause of action related to Abel Morado is for retaliation.  Therefore, TUSD contends that there is no cause of action based on harassment.

Even assuming that there was a cause of action of retaliation, TUSD asserts that Plaintiff cannot meet his burden of proof in establishing a violation against Abel Morado.  This issue concerns a leave of absence requested by Plaintiff.  Plaintiff first went on a leave of absence during the 2011-12 school year.  Plaintiff subsequently received a leave of absence for the entire 2012-13 school year.  Plaintiff applied for a second full year leave of absence for the 2013-14 school year in April of 2013.  The leave of absence request form initiated by Plaintiff clearly indicates the Governing Board makes the decision on whether a leave is granted or denied and

that the reviewing administrator only makes a recommendation.  (Plaintiff's Exhibit E).  The form also establishes that a request for a second year of leave must be reviewed by a district-level administrator.  Id.  In this case, Mr. Morado was the district level administrator.

Mr. Morado received the request for leave and made some further inquiries.  **(TUSD's Separate Statement of Fact No. 61)**.  Mr. Morado decided to recommend denial of the leave request because when a teacher is on a leave of absence it prevents TUSD from hiring a permanent teacher to fill that position.  **(TUSD's Separate Statement of Fact No. 61)**.  Instead, TUSD must use a long-term substitute teacher, which is not beneficial for the students.  Plaintiff was informed of the recommendation and was informed that he could provide a rebuttal to the Governing Board before their decision.   The Governing Board decided not to follow Mr. Morado's recommendation and granted the leave of absence.  Mr. Morado did not know Plaintiff before this incident and did not know that Plaintiff had made a claim against TUSD for allegedly failing to make a reasonable accommodation.  **(TUSD's Separate Statement of Fact Nos. 57, 58, 59)**.

To establish a prima facie case of discrimination under the ADA, a plaintiff must show that they are a disabled person under the meaning of the ADA; that they are able to perform the essential functions of the job; and that they have suffered an adverse employment action.  42 U.S.C. 12112(b)(5)(A) & 12111(8); Bauenling v. Countrywide Home Loans, Inc., 220 F.3d 1154 (9th Cir. 2000).  If a plaintiff can establish a prima facie case of discrimination, then the burden shifts to the employer to come forward with a non-discriminatory reason for the adverse employment action.  McDonnell-Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817 (1973).

The burden then shifts back to the plaintiff to show that he employer's reason for the adverse employment action was pre-textual.  Id.

As previously argued, at the very minimum material issues of fact exist whether Plaintiff is disabled under the ADA and whether he is able to perform the essential functions of the job. For those reasons alone, the motion should be denied.

Further, Plaintiff cannot establish that there was an adverse employment action. Plaintiff's request for a second year of leave of absence was never denied.  Only the Governing Board has the authority to approve or deny requests for leave of absences.  It is undisputed that the Governing Board approved the request of leave for Plaintiff for the 2013-14 school year, so no adverse employment action occurred.  **(TUSD's Separate Statement of Fact No. 63)**.  Mr. Morado's only involvement was his recommendation that the leave be denied.  **(TUSD's Separate Statement of Fact No. 61, 62)**.  However, the evidence clearly establishes that Mr. Morado's action was only a recommendation as a reviewing administrator and was never actually in effect.  Id.  All documentation given to Plaintiff indicated that Mr. Morado was only giving a recommendation and that the Governing Board would make the decision. Plaintiff was informed of the recommendation and was allowed to present discussion why the leave should be approved but it was not an appeal because no decision had been made.  There is no evidence that an adverse employment action exists.

Mr. Morado also had a legitimate non-discriminatory reason for his recommendation. Mr. Morado was based on concerns for the students as well as budgetary concerns.  When a teacher is on leave of absence, their position is essentially on hold and a replacement cannot be

hired.  Therefore, a long-term substitute teacher must staff the position.  In reality, a qualified teacher would not want a position as a long-term substitute because the pay is less and there are no benefits.  So the students at a school are not benefited when there is a long-term substitute teacher.  Mr. Morado was given information that Plaintiff's condition was likely longstanding and that it was unlikely that Plaintiff would return to his position.  Mr. Morado concluded that it would be best to deny the leave so a permanent teacher could be hired.  This is obviously a legitimate non-discriminatory reason for the recommendation.

Finally, Mr. Morado was not even aware that Plaintiff had filed any sort of claim against TUSD for failing to make a reasonable accommodation.  If Plaintiff's claim is for retaliation as contained in his proposed second amended complaint, then Plaintiff must prove a causal link between the protected activity and the alleged adverse employment decision by showing that the defendant was actually aware of the protected activity at the time of the action.  Raney v. Vinson Guard Service, Inc., 120 F.3d 1192 (11th Cir. 1997).  See also Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653 (4th Cir. 1998); Cohen v. Fred Meyer, Inc., 686 F.2d 793 (9th Cir. 1982) and Derendinger v. Kiewit Const. Co., 272 F.Supp.2d 850 (D. Alaska 2003).  Therefore, it must be shown that the person who took the adverse action, not TUSD in general, was aware of the protected activity.  Raney, Id.

In this case, the protected activity would be the filing of the complaint for failure to make a reasonable accommodation.  Mr. Morado testifies that at the time he made his recommendation he did not know that Plaintiff had filed such a claim.  **(TUSD's Separate Statement of Fact No. 59)**.  Therefore, Plaintiff cannot establish the necessary requisite of a causal connection.

Based on the foregoing, TUSD contends that there is no cause of action for retaliation or at the least a question of material fact exists.

**D.      There is No Evidence of Harassment**

To be complete, TUSD also contends that Plaintiff cannot prove a claim of harassment. To prevail on a harassment claim, a plaintiff must establish a "pattern of ongoing and persistent harassment severe enough to alter the condition of employment."  Draper v. Coeur Rochester, Inc., 147 F.3d 1104 (9th Cir. 1998).  To satisfy this requirement, a plaintiff needs to prove that their workplace as both objectively and subjectively offensive.  Faragher v. City of Boca Raton, 525 U.S. 775, 787, 118 S.Ct. 2275 (1998).  In other words, a reasonable person, as well as the plaintiff themselves, must be able to conclude that the workplace was hostile or abusive.  Id.

Important factors in determining whether a workplace is sufficiently abusive or hostile are frequency of the discriminatory conduct, severity and whether it is physically threatening or humiliating.  Harris v. Forklift Sys. Inc., 510 U.S. 17, 23, 114 S.Ct. 367 (1993).  Isolated incidents will not amount to discriminatory changes in employment.  Faragher at 788.

Plaintiff's allegations toward Mr. Morado clearly do not rise to the level of harassment to constitute abusive or hostile behavior.  Alleged is one incident of Mr. Morado, performing his job duty of making a recommendation on an employee's second request for a leave of absence. Mr. Morado did not know Plaintiff prior to this incident.  Mr. Morado never spoke to Plaintiff. There is no evidence of physically threatening or humiliating conduct.  It is hard to believe that a trier of fact could determine that the act of recommending that a leave be denied is harassment. However, even if the action of recommending denial of the leave of absence could be considered

as harassing, this lone isolated incident cannot meet the standard of abusive or hostile.

Finally, TUSD contends the affirmative defense to vicarious liability for harassment charges would apply since there was no tangible effect on Plaintiff's employment.  The two prongs to prove an affirmative defense are that the employer exercised reasonable care to prevent and correct any harassing behavior and that the employee unreasonably failed to take advantage of the preventive or corrective procedures.  Burlington Indus. Inc. v. Ellerth, 524 U.S. 742, 765, 118 S.Ct. 2257 (1998).

First, Plaintiff did not report Mr. Morado's conduct as harassment.  Plaintiff relies on his letter to the Governing Board as support, but there is no mention of harassment or any sort of abusive behavior.  Further, Plaintiff admits that TUSD has an anti-harassment policy and that the Governing Board did not follow Mr. Morado's recommendation.  Therefore, TUSD has met both prongs or at the minimum has established a material issue of fact as to each prong.

## IV.   <u>Conclusion</u>

Based on the foregoing, TUSD respectfully requests that the Court deny Plaintiff's motion for summary judgment in its entirety.

DATED this 7th day of August 2013.

                    MINIAT & WILSON, L.P.C.

                    By:  <u>/s/Jerald R. Wilson</u>
                         Jerald R. Wilson
                         Attorneys for Defendant TUSD

Copy of the foregoing mailed this
7th day of August, 2013 to:

Bruce P. Murchison
4850 South Lantana Place
Tucson, Arizona 85730
Plaintiff, Pro Se

*Julianna Malboeuf*